## THEODORE MARTINE v. GEORGE E. WILLIS.

The defendant, in an action brought by the assignee of a claim, cannot set off a note of the assignor, unless the same was in existence and held by the defendant at the time of the assignment.

Until these conditions are proved, it is error to admit the note in evidence.

ACTION by the assignee of a claim for rent. The cause was tried before one of the justices of the Marine Court. The defendant recovered a verdict and judgment upon the set off mentioned in the opinion. The plaintiff appealed.

*George Carpenter*, for the appellant.

BY THE COURT. INGRAHAM, FIRST J.—The defence set up in this case was a bill for repairs and two notes due to the defendant from Thorp, the assignor of the plaintiff.

The claim in suit was assigned to the plaintiff on the 3d or 4th May last.

The bill for repairs is not objected to. The two notes, which the defendant seeks to set off against the plaintiff's claims were in the possession of the witness, Hoag, until July last, and were then sold by him to one Tompkins. When the defendant received them, does not appear. It is, however, very clear that they formed no set off to the plaintiff's claim. To make the notes available for such a purpose, it must appear to have been a demand against the assignor at or before the assignment, and belonging to the defendant at that time. (2 R. S. p. 354, § 39, subd. 4.) The plaintiff's rights are not to be defeated by claims against his assignor, acquired by the defendant subsequent to the assignment to him. The court below erred in admitting the notes in evidence without proof of the defendant's title to them before the assignment.

The verdict is also entirely against the evidence on this subject, and the judgment must be reversed.

Judgment reversed.